# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TIFFANY TRAVIS,** <br><br> *Plaintiff*, <br><br> v. <br><br> **RALPH LAUREN CORP.** *and* **ADECCO USA, INC.**, <br><br> *Defendants*. | **CASE NO.: 1:19-CV-900** |

## COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW COMES** the Plaintiff, Tiffany Travis ("Travis"), and complaining of the Defendants, Ralph Lauren Corp. ("RL") and Adecco USA, Inc. ("Adecco"), alleges the following to be true:

1 This action stems from Defendants' termination of Travis based on race, sex, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981.

2 Each paragraph of this complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## JURISDICTION AND VENUE

3	Travis is a resident of Guilford County, North Carolina, and is neither a minor nor incompetent.

4	RL is a foreign corporation with facilities in Guilford County, North Carolina, and a registered agent in Raleigh, North Carolina.

5	Adecco is a foreign corporation with an office in Guilford County, North Carolina, and a registered agent in Raleigh, North Carolina.

6	This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    6.1	28 U.S.C. § 1331, as the action arises out of §§ 2000e et seq. and 42 U.S.C. § 1981.;

7	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    7.1	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    7.2	N.C. Gen. Stat. § 1-75.4(1)(d), as RL was engaged in substantial business activity within this state at the time service of process was made upon it.

7.3      N.C. Gen. Stat. § 1-75.4(1)(d), as Adecco was engaged in substantial business activity within this state at the time service of process was made upon it.

7.4      N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Travis's person or property.

8      Venue is proper in this Court pursuant to any/all of the following:

8.1      28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

8.2      28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## STATEMENT OF THE FACTS

9      Travis is a black female.

10      On November 20, 2017, Adecco, a temporary staffing agency, hired Travis to work at RL creating lockout/tagout programs and writing reports and code for inventory systems.

11      Travis was primarily based out of an RL facility in High Point, North Carolina, under the supervision of Department Manager Ron McCracken ("McCracken") (white male).

12	In March 2018, Travis was sent to an RL facility in Kernersville, North Carolina.

13	McCracken, shift lead Chris Sheffield (white male), shift lead Kenny (last name unknown) (white male), and seasonal team lead Tim (last name unknown) (white male) warned Travis that the culture at the Kernersville facility was racist and that they did not like working with women. They told her to just do her job and fly under the radar.

14	While at the Kernersville facility, Travis heard numerous sexist and racist comments and jokes.

15	On March 8, 2018, after Travis attempted to explain one of the processes she was working on to lead tech Frank Smith (white male), he told her he was not taking directions from a woman.

16	Travis called Bernard Leak ("Leak") (white male), a representative for Adecco, about what Smith had said. He said he would speak to RL and get it taken care of.

17	Travis also called McCracken, who told her to report back to the High Point facility because he did not want her exposed to that work environment.

18	McCracken sent an email to Kernersville about the incident, which angered Kernersville's management.

19	From that point forward, Travis was instructed not to go to the Kernersville facility without an escort from the High Point facility.

20	On June 8, 2018, McCracken left work for back surgery.

21      For the next month, Travis was supervised by Marty Jones ("Jones") (white male), McCracken's direct report.

22      Jones suggested Travis set up a work area at Kernersville because she was already done with her work at the High Point facility.

23      Jones promised Travis that the issues she had before would stop, and that he would make sure she had help from techs at the Kernersville facility so that she could get out of there as soon as possible.

24      On July 31, 2018, Travis moved to a setup at Kernersville.

25      Whenever Travis attempted to instruct an employee at Kernersville about the processes she was working on, leads or supervisors, all of whom were white males, would undermine her by telling the employees to do the opposite.

26      Her first day at the Kernersville facility, Eric Apple (white male), one such supervisor, referred to Travis as "just another angry black woman" because he disagreed with her instructions on how to use the system.

27      Travis reported the comment to the High Point Adecco rep, Paige Perdue ("Perdue") (white female), Kernersville Department Manager Ernie Cougar (white male), Leak, Jones, McCracken, and Sheffield.

28      The next day, August 1, 2018, Angel Gonzalez ("Gonzalez") (Hispanic male), the Adecco representative at the Kernersville facility, introduced himself to Travis.

29      Gonzalez proceeded to produce a laundry list of alleged performance issues with Travis. These included not adhering to a break schedule, using her personal phone, and not using a physical time clock.

30      Travis explained that she was never told she had a break schedule or to use a physical time clock.

31      Travis also explained that she used her personal phone to take pictures because her duties required taking pictures and she had never been provided with a camera.

32      None of these alleged performance issues had ever been presented to Travis in the preceding ten months on the job, and only arose after she moved to the workstation in Kernersville.

33      Travis told Gonzalez that she felt like all of these issues were brought up because the Kernersville employees did not want her there both for the racist and sexist reasons they had expressed the first time she came there, as well as in retaliation for her complaining about them.

34      On August 1, 2018, Travis went to the High Point facility and spoke to McCracken, Jones, and Perdue about what had happened.

35      Perdue told Travis that she needed to get back to High Point because the Kernersville managers were going to terminate her contract and label her "do not rehire."

36      McCracken and Jones told Travis they were going to have a meeting about the problem, and that they would come to the Kernersville facility at 9AM the next day.

37      On August 2, 2018, Travis went to the Kernersville facility and told Gonzalez that McCracken and Jones were going to be there at 9AM.

38      McCracken and Jones did not come because a facility power outage required their attention.

39      On August 3, 2018, the entire facility came in on a delayed start because of the power issues.

40      Jeff Walters (white male), one of Travis's coworkers at Kernersville, approached her and said that he thought she was doing a good job and that he did not care what anybody said, he enjoyed working with her.

41      Travis thought that was a weird thing to say, so on her lunch break she called Brian Leary (white male), the manager at the Greensboro facility, to ask if something was going on. He did not know.

42      When Travis returned from lunch, her badge no longer worked.

43      Travis called Gonzalez, who, after a significant period of waiting, brought her belongings out to her car and told her that her contract had been terminated.

44      When Travis asked why she had been terminated, Gonzalez refused to answer.

45      Travis called Adecco to ask why she had been terminated.

46      Jasmine Robertson ("Robertson") (black female) called Travis back the following Monday and told her that there was no reason on file for her termination.

47      Robertson later told Travis that she had been terminated for misusing breaks but admitted that Travis had never been on a set break schedule.

48      Travis filed an EEOC Charge on September 11, 2018.

49      Travis received a notice of right to sue from the EEOC on June 25, 2019.

50      RL has 500 or more employees.

51      Adecco has 500 or more employees.

## FIRST CAUSE
### Sex Discrimination
*Title Vii of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

52      Travis is a member of a protected class: female.

53      Travis suffered an adverse employment action: termination.

54      At the time of the adverse employment action, Travis was performing at a level that met her employers' legitimate expectations.

55      There is a causal connection between her sex and her termination.

56      Addecco and RL each have at least 15 employees.

## SECOND CAUSE
### Race Discrimination
*Title Vii of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

57      Travis is a member of a protected class: black.

58      Travis suffered an adverse employment action: termination.

59	At the time of the adverse employment action, Travis was performing at a level that met her employers' legitimate expectations.

60	There is a causal connection between her race and her termination.

61	RL and Adecco each have at least 15 employees.

### THIRD CAUSE
### Race Discrimination
*42 U.S.C. § 1981*

62	Travis is a member of a protected class: black.

63	Travis suffered an adverse employment action: termination.

64	At the time of the adverse employment action, Travis was performing at a level that met her employers' legitimate expectations.

65	There is a causal connection between her race and her termination.

### FOURTH CAUSE
### Retaliation
*Title Vii of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

66	Travis engaged in a protected activity by making discrimination complaints.

67	RL and Adecco were aware of Travis's complaints.

68	Travis suffered an adverse employment action: termination.

69	There is a causal connection between Travis's protected activity and her termination.

70	RL and Adecco each have at least 15 employees.

Case 1:19-cv-00900-WO-JEP   Document 1   Filed 09/04/19   Page 9 of 12

# FIFTH CAUSE
## Retaliation
*42 U.S.C. §1981*

71      Travis engaged in a protected activity by making discrimination complaints.

72      RL and Adecco were aware of Travis's complaints.

73      Travis suffered an adverse employment action: termination.

74      There is a causal connection between Travis's protected activity and her termination.

## PRAYER FOR PUNITIVE DAMAGES

75      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **75.1**      Malice;

    **75.2**      An evil motive; and/or

    **75.3**      Callous indifference to a federally protected right.

76      Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

77      Plaintiffs request a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiffs respectfully request this Court that it:

78      Enter Judgment for Travis against RL and Adecco on all causes of action contained herein;

**79**     Award Travis damages, including punitive damages, in an amount to be determined at trial;

**80**     Tax the costs of this action against RL and Adecco and award Travis reasonable attorney fees as permitted by law, and;

Grant such other and further relief as the court deems just and proper.

*Respectfully submitted on this, the 4th day of September 2019,*

/S/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and upon receipt of an executed summons will serve the following by Certified Mail, return receipt requested:

Ralph Lauren Corporation
c/o Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608-1370

Adecco USA, Inc.
c/o CT Corporation System
160 Mine Lake Ct Ste 200
Raleigh, NC 27615-6417

/S/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com